GRIFFIN, Chief Judge,
dissenting.
I respectfully dissent.
This is a premises liability case in the course of which documents and other items were requested in a request for production containing thirty-six paragraphs. The defendant, Home Depot, Inc., filed a blanket objection. The lower court conducted a hearing and entered an order ruling upon or reserving ruling on all thirty-six categories. Home Depot, Inc. seeks certiorari to quash the portion of the order that requires Home Depot, Inc. to produce the following:
1. A copy of the forklift training manual, Home Depot Employee Orientation Guide/Handbook or Manual 1993 to present....
*233 2. A copy of the Home Depot U.S.A., Inc. literature entitled “Home Depot Sign Manual.”
3. A copy of the Home Depot U.S.A., Inc. literature entitled “Home Depot Standard Operating Procedure Manual.”
The objection lodged by Home Depot, Inc. is that these documents are “confidential, proprietary and valuable.” What makes these documents confidential, proprietary and valuable goes unexplained. Plaintiffs’ counsel entered into a stipulation for entry of an order broadly protecting all produced documents from disclosure to anyone except counsel, witnesses, court reporters and the court. This protective order had been entered and was in place when the court ordered the above items produced. Home Depot even acknowledges that these documents may contain relevant material but objects to producing the entire document because some portions are “irrelevant.” Nevertheless, Home Depot now seeks certiorari, claiming that the order for production of these documents constitutes a material departure from the essential requirements of law that will result in irreparable harm to Home Depot.
Although certiorari can be utilized to prevent production of documents that are merely irrelevant, there is nothing about the order under attack that meets the standard for certiorari. This is not a ease where Home Depot has been asked to expend vast hours of manpower to scour its files for material that is not of any significance to the issues. There is nothing burdensome about producing the manuals in question in their entirety — indeed, it would be easier to produce the whole thing than to produce a redacted version that deletes “irrelevant” material. Further, the lower court has made these documents subject to a non-disclosure order more strict than what is customary for the protection of confidential or trade secret material.[1] Finally, I question how such garden variety operating manuals of the sort produced every day in discovery in litigation all over the state meet a confidential or trade secret threshold. Certainly nothing in the record supports this contention. In short, this is no case for issuance of an extraordinary writ to prevent discovery. It is regrettable that the respondents have not filed a response to the petition in this case but it is more appropriate to sanction the respondents or their counsel for failure to comply with our order than to fault the lower court for an error he did not commit.

. Home Depot attempts to deal with the existence of the confidentiality order by arguing that those who review these manuals might "retain” the information in their heads. If the commercial sensitivity of the documents were truly the issue, the customary protective order of confidentiality would be sufficient to obviate this objection.